STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Ashley Gray         }
and Janet Gray, d/b/a Miss          }
Lyndonville Diner                    }    Docket No. 189-9-00 Vtec
                                     }
                                     }

Decision and Order on Cross-Motions for Summary Judgment

Appellants appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Lyndon, denying their appeal of a Notice of Violation issued by the Zoning Administrator. Appellants are represented by William P. Neylon, Esq.; the Town is represented by Franklin L. Kochman, Esq. The parties have filed cross-motions for summary judgment on the sole question in the Statement of Questions: whether the work performed on the property in the year 2000 constituted " land development" under the Town of Lyndon Zoning Bylaws, so that a permit was required in connection with that work. It is important to note that this case does not present the question of whether Appellants can qualify for a permit for the work already performed, but only the question of whether they must apply for a permit.

The following facts are undisputed unless otherwise noted.

Appellants own the Miss Lyndonville Diner, on a .76-acre lot on the easterly side of Route 5 (Broad Street), in the " Commercial" zoning district of the Town of Lyndon. It is a pre-existing structure, non-complying at least[1] as to the front setback. The Zoning Bylaw was amended in 1996. The structure was non-complying as to front setback under both the old and the new Zoning Bylaws.

Appellants received a zoning permit in 1981 authorizing two additions to the then-existing structure. Appellants received a zoning permit in 1986 authorizing two more small additions to the then-existing structure. Appellants received their most recent zoning permit in 1992 authorizing construction of office space as a second-story addition to then-existing structure.

At some time prior to 2000 Appellants installed wooden curbing within the front setback area. That wooden curbing was in a rotting condition as of 2000. In April and May of 2000, Appellants performed the following work[2] on the property. The Town contends that they should have applied for a permit prior to doing this work; Appellants contend that this work constitutes repair and that no permit was required.

Appellants installed landscaping materials, installed concrete curbing, replaced an exterior staircase, and altered the facade and roof of the building. The alterations to the roof, facade and to the exterior staircase differed from the prior configuration of those elements of the structure,

and took place within the front setback area. The alterations to the roof facade extended the roof some inches farther into the front setback than it had been before and changed its appearance from a flat roofline facing to a slanted or mansard-type of roof facing. Some portion of the concrete curbing replaced the wooden curbing. The extent to which the concrete curbing replaced wooden curbing has not been established by the parties' material facts.

Section 13.2.1 of the Zoning Bylaws provides that no person shall commence development without obtaining a permit ' pursuant to these bylaws.' The application is to be filed with the Zoning Administrator. The term " land development" is defined in pertinent part in Article XV as " the construction, reconstruction, conversion, structural alteration, relocation or enlargement of any structure" and as " any change in the use of any structure or land or extension of the use of land." The only specific exclusion from the definition addresses the replacement of an existing sign, not at issue in the present case. The term " structure" is defined as " an assembly of materials for occupancy or use, including, but not limited to, a building, mobile home, trailer, tractor trailer, billboard or sign," and specifically excludes walls and fences.

Thus, the installation of new landscaping materials in an area already used for landscaping or green space would not fall within the definition of ' land development,' and therefore would not require a permit, because it would not be a change in the use of land (and does not fall within the definition of ' structure' ). On the other hand, landscaping replacing, for example, a parking area or a former building element, would require a permit as a change in the use of land.

The former wooden curbing and the new concrete curbing appear to fall within the exclusion (for walls and fences) of the definition of ' structure.' Thus their installation would not fall within the definition of ' land development,' and therefore would not require a permit.

The remaining work on the roof, on the facade, and on the exterior stairway, required a permit because it falls within the definition of ' land development' as the reconstruction, structural alteration, or enlargement of elements of the structure. It required a permit regardless of whether it increased the footprint of the building or made it more non-conforming in any way.

Beyond the argument that the work is not ' land development,' Appellants also argue that they do not need to apply for a permit because the work on the building is a permitted use under § 5.5. However, an applicant proposing a permitted use must still apply for a permit to undertake that use. The work on the roof, the facade and the exterior stairway does appear to be the maintenance, repair or replacement of a non-complying structure. Such work is a permitted use under § 5.5, " provided that such action does not increase the degree of non-compliance in any respect." However, § 5.5 does not relieve a party engaging in ' land development' from the requirement of applying for a permit for that work. It only provides the conditions under which such a permit should be granted. In the present case, if the work were to qualify as maintenance, repair or replacement of elements of the structure, and, indeed, even if Appellants were able to show that it did not increase the degree of non-compliance in any respect, Appellants still should have applied for a permit for the work.

Similarly, the work may qualify under § 4.4.3 for work within the front setback. Under that section, Appellants still should have applied for approval of the work as a conditional use, which

in turn requires that they first obtain site plan approval from the Planning Commission. Again, we note that the present appeal only addresses whether they must apply, not whether the project will or will not qualify under those standards.

Appellants also argue that the work may have fallen within the scope of their 1981, 1986 or 1991 permits. However, those permits require reapplication if work is to be done under them after two years from the date of issuance of the permit. Accordingly, even if the work that was done in 2000 had been specified in those permits, Appellants still should have made a new application for a permit for the year 2000 work, at least regarding the alterations to the roof, facade, and exterior stairway.

Accordingly, based on the foregoing, the Town' s Motion for Summary Judgment is GRANTED and Appellants' Motion for Summary Judgment is DENIED. Appellants must apply for a permit for the year 2000 work on the roof, facade and exterior stairway. They may also have to include the landscaping in the application if it replaces an area formerly used for parking or for a building element.

This ruling may conclude the present appeal of the Notice of Violation, as no enforcement case appears to have been filed. On or before March 28, 2001 the parties shall discuss the procedural posture of the case and shall file either a joint statement or separate statements in writing as to whether this ruling concludes the appeal, or, if not, what remains to be scheduled. If those statements do not agree, we will then schedule a telephone conference to be held on April 6, 2001.

Done at Barre, Vermont, this 14th day of March, 2001.

_____
Merideth Wright
Environmental Judge

## Footnotes

1.    The parties only discuss front setback noncompliance; if the property is non-complying in any other respect, such noncompliance is not before the Court in the present case.

2. The parties may have minor factual disagreements regarding the specifics of the work performed, but are in agreement that those disagreements do not prevent the Court from ruling on summary judgment whether the work required a permit. See Appellants' Memorandum filed February 5, 2001, first full paragraph on page 3.